IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARNES PROPERTIES, INC., Individually and On Behalf of All Others Similarly Situated, </br></br>     Plaintiff, </br></br>vs. </br></br>WHIRLPOOL CORPORATION and SAM ABDELNOUR, </br></br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )    CIVIL NO. 05-213-GPM |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court on Plaintiff's compliance with the Court's August 1, 2005 remand order awarding fees and costs. (*Doc. 36*) Plaintiff's motion seeks fees and expenses in the amount of $14,875.00. Defendants filed a memorandum in opposition to the request in which they tell the Court that "Plaintiff's counsel have informed counsel for defendants that they shall be withdrawing their request for attorney's fees." (*Doc. 37*) As of today's date, however, the Court has received no such notice from Plaintiff's counsel. Defendants also argue that fees are not appropriate in this case and that the proposed award is unreasonable.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In this Circuit, as long as removal was improper, the plaintiff is *presumptively* entitled to an award of fees because § 1447(c) is a fee-shifting statute. *Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 987 (7th Cir.

2003), *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-11 (7th Cir. 2000), *Wisconsin v. Hotline Indus.*, 236 F.3d 363, 367-68 (7th Cir. 2000), and *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). The presumption is rebuttable, *Sirotzky*, 347 F.3d at 987, but Defendants have not rebutted the presumption.

The Court stands by its analysis and conclusion that the removal was improper. While Defendants may feel justified in their attempt to remove this action, it is well-settled that "§ 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, but it is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie*, 211 F.3d at 410. The Court has reviewed the fees and expenses sought and finds them to be reasonable.

For the foregoing reasons, the pending motion (Doc. 36) is **GRANTED**, and Plaintiff is awarded fees and costs in the amount of **$14,875.00.**

**IT IS SO ORDERED.**

DATED:  10/05/05

                                                        s/ G. Patrick Murphy
                                                        G. PATRICK MURPHY
                                                        Chief United States District Judge